IN THE COUNTY COURT IN AND FOR
LAKE COUNTY, FLORIDA

CASE NO. 2010CC 1035

CHARLES MOORE,

    Plaintiff,

v.

ZWICKER & ASSOCIATES, P.C.,

    Defendant.
_____/

## COMPLAINT

NOW COMES the Plaintiff, CHARLES MOORE, by and through his attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, ZWICKER & ASSOCIATES, P.C., and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2. Plaintiff, CHARLES MOORE ("Plaintiff"), is an individual who was at all relevant times residing in the County of Lake, State of Florida.

3. At all relevant times herein, Defendant, ZWICKER & ASSOCIATES, P.C., ("Defendant") or ("ZAPC") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to American Express.

4.  Defendant is a corporation that is authorized to do business in Lake County, Florida.

## JURISDICTION

5.  This is an action seeking damages in excess of $5,000.00, but not to exceed $15,000.00, inclusive of attorneys' fees and court costs.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. ZAPC

6.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7.  Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff on behalf of American Express.

8.  Defendant regularly collects debts for business entities such as American Express.

9.  On or about March 12, 2009, Defendant sent Plaintiff a letter stating, in relevant part: "American Express has instructed this office as follows: subject to our rights as set forth in the following paragraph, unless payment in full is made or you arrange for the repayment of this debt in a manner acceptable to American Express, this office is to conduct a more detailed review of your account to determine whether a lawsuit should be filed against you to recover the balance due on the Account. If a lawsuit is filed against you, it will be filed by an attorney admitted to practice in your state..." (See letter dated 03/12/2009 attached hereto as "Exhibit A").

10. The language in Defendant's letter distracts the least sophisticated consumer from the important disclosures, appearing in the next paragraph, after the quoted language.

11. In its 3/12/09 letter to Plaintiff, Defendant threatened to conduct a review to determine if suit should be filed, and if it determined it should be filed that suit would be filed against Plaintiff by an attorney in his jurisdiction.

12. In response to this letter, Plaintiff sent a dispute letter to Defendant on March 20, 2009, within the statutory 30-day period for doing so (See letter dated March 20, 2009 attached hereto as "Exhibit B").

13. Instead of conducting the promised review for suit, Defendant stopped collecting the debt in its entirety and never contacted Plaintiff again.

14. Eventually, Plaintiff was sued for the debt, but not until approximately 5 months later.

15. The threat by Defendant to review and file suit if appropriate was therefore a false threat.

16. If Defendant had reviewed the file as threatened, it likely would have come to the same conclusion as Wagner & Hunt, the firm which eventually did sue Plaintiff.

17. Instead, Defendant did not follow through on the threat and merely stopped collection in the face of Plaintiff's dispute letter

18. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a. Overshadowing the disclosures required during the thirty-day dispute period, including threatening a lawsuit within the same letter in which the disclosures are made in violation of 15 U.S.C. §1692g(a) and §1692g(b);

    b. Threatening to take any action that cannot legally be taken or that is not intended to be taken, including threatening to conduct a review of Plaintiff's

account which could result in a lawsuit without actual intent to do so in violation of 15 U.S.C. §1692e(5); and

c. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

19. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

20. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in his daily routine thus warranting an award of emotional and/or mental anguish damages.

WHEREFORE, Plaintiff, CHARLES MOORE, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST ZAPC

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

a. Failing to reveal upon the request of the Plaintiff, within 30 days, the details of the dispute within the preceding 90 days in violation of Fla. Stat. §559.72(6);

b. Claimed, attempted, or threatened to enforce a debt while knowing that the debt was not legitimate or asserted the existence of some other legal right while knowing that the right did not exist in violation of Fla. Stat. §559.72(9); and

c. Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

23. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHARLES MOORE, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551





# Zwicker & Associates, P.C.

Attorneys At Law
80 Minuteman Road
Andover, Massachusetts 01810-1031
Tel. (800) 370-2251 / (978) 686-2255
Fax (978) 686-3538

Paul W. Zwicker
*MA Bar*

Robert W. Thuotte
*MA Bar*

William H. Harris
*MA & NH Bars*

Mireille H. Vartanian
*MA Bar*

Barbara A. Carnevale
*MA Bar*

Trevor Clement
*MA Bar*

Jennifer L. Bockstahler
*MA Bar*

Eleanore Hargreaves
*MA & NH Bars*

Erin M. Reczek
*MA Bar*

Raymond J. Lee
*CA Bar*

Ingrid Causey
*CA Bar*

Andrew J. Dick
*NY & FL Bars*

Steven V. Borg
*KY & OH Bars*

Denise D. Arnold
*GA & WV Bars*

Dwight Baylor
*AZ, NV & VA Bars*

M'Cari Van Ess
*AZ Bar*

Brian Szilvasy
*FL Bar*

MyXuan McClure Koski
*IL Bar*

Christopher D. Osborn
*TX Bar*

Shannon M. Pawley
*MI Bar*

Andrew S. Lerner
*MD, DC, VA, & WV Bars*

Kevin M. Hughes
*CT & MA Bars*

Roy D Ruggiero
*NJ & PA Bars*

*Personal and Confidential*

03/12/2009

Zwicker Notice Number : AMX0EL

File ID: 3217392

Re : American Express
Acct # : 3725-088715-21003 [1,2,3,4]
Total Balance : $ 28000.31

Dear CHARLES MOORE,

This law firm is outside counsel to American Express. Our client has requested that we contact you regarding the above unpaid balance on the above referenced account ("the Account").

American Express has a range of payment options that may be available to assist you. Our client believes that you want to put this debt behind you and is committed to working with you to assist you in identifying a specific solution to resolve your balance. If you have any questions or if you wish to discuss repayment arrangements, you can contact Jason Houle, one of our non-attorney account managers, at 800-370-2251. Payments can be sent to this office.

American Express has instructed this office as follows: subject to your rights as set forth in the following paragraph, unless payment in full is made or you arrange for the repayment of this debt in a manner acceptable to American Express, this office is to conduct a more detailed review of your account to determine whether a lawsuit should be filed against you to recover the balance due on the Account. If a lawsuit is filed against you, it will be filed by an attorney admitted to practice in your state. If you are represented by an attorney, your attorney may contact this office.

Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days after your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty-day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor. This firm is attempting to collect a debt and any information obtained will be used for that purpose.

This letter was created following a limited review of your account data, and thus far no attorney has conducted any meaningful review of the circumstances of your specific account.

Very truly yours,

ZWICKER & ASSOCIATES, P.C.

---

[1] This firm is a debt collector.

[2] This firm is attempting to collect a debt and any information obtained will be used for that purpose.

[3] Important notices appear on the back of this letter. Please read them as they may affect your rights.

[4] Colorado residents: please read important notice on the back of this letter.

EXHIBIT B

Charles J Moore
11523 Grand Bay Blvd
Clermont, Florida 34711

Zwicker & Associates, P.C.
80 Minuteman Road
Andover, Massachusetts 01810-1031

Date: March 20, 2009

Re: File ID: 3217392

Dear Sir/Madam,

I received your letter, Zwicker Notice Number: AMXOBL and am having a problem verifying the validity of your request. I don't refuse to pay, but this is a notice that your claim is disputed. In accordance with the FDCPA, I have the right to request for a validation of my debt.

This is asking for proof regarding this and verifying the same.

Please attach copies of the following with the reply:
1. The agreement which authorizes the creditor to collect debt on the alleged debt.
2. The signed agreement from the debtor conforming to pay the creditor.
3. The documents regarding the payments made on this account validating the amount.

With regards,

Charles J Moore